Colonel T.L. Goodwin Director, Arkansas State Police P.O. Box 5901 Little Rock, AR 72215
Dear Colonel Goodwin:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992), as it relates to the Arkansas Juvenile Code, A.C.A. §§ 9-27-301—9-28-412 (1987 Cum. Supp. 1991). You have noted that the Department of the Arkansas State Police ("Department") is both an investigative and a record keeping agency. It is my understanding that the records to which your questions refer consist primarily of investigative case files, that is, records compiled pursuant to an investigation conducted in part or in whole by the Department.[1] Your questions are paraphrased below and answered in the order posed.
 1. May the name or statement of a juvenile victim or witness be deleted from a closed criminal file or a case that would otherwise be accessible under the FOIA?
It is my opinion that the answer to this question is, generally, "no," in the absence of a court protective order. Section25-19-105(b)(8) exempts from inspection and copying documents which are protected by a court rule or order. Arkansas Code Annotated § 9-27-309 (Repl. 1991) states that:
 (a) All records may be closed and confidential within the discretion of the court.
 (b) The court may expunge at any time the records of a juvenile and shall expunge all the records of a juvenile upon his twenty-first birthday, in delinquency, dependency-neglect, or families in need of services cases. For purposes of this section, "expunge" means to destroy.
 (c) Nothing in this section applies to or restricts the use or publication of statistics, data, or other materials which summarize or refer to any records, reports, statements, notes, or other information in the aggregate and which do not refer to or disclose the identity of any juvenile defendant in any proceeding when used only for the purpose of research and study.
Thus, the FOIA authorizes the nondisclosure of documents through court order. And in juvenile proceedings under the Juvenile Code, the court may, in its discretion, order the records closed and confidential. In other instances, a definitive answer to your question may require the custodian's review of the particular court order. Generally, however, it is my opinion that law enforcement investigative records wherein the defendant is a juvenile are subject to public inspection and copying under the FOIA, as long as the investigation is, as you state, closed, and no protective order has been entered.[2] As to such records which would generally be open for public inspection, in my opinion, the FOIA makes no provision for removing the names or statements of victims or witnesses from a closed investigation.See Op. Att'y Gen. 90-305.[3]
 2. Is a juvenile defendant's case file accessible under the FOIA (a) when he is charged in juvenile court only; (b) when he is charged as an adult and the case is adjudicated in circuit court; or (c) when he is charged as an adult by the prosecutor, but the circuit court remands the case for disposition by juvenile court?
Your inquiry appears to be premised on the assumption that the juvenile status of a defendant is the controlling question. As set out in response to your first question, however, the controlling questions are whether the investigative file is open or closed, and whether a protective order has been entered by the court. Once a law enforcement investigation is considered closed, Department records compiled pursuant thereto would generally be accessible under the FOIA. But as long as the investigation is ongoing, whether pursued by the Department or by another assisting law enforcement agency, any records that are part of that investigation will, in my opinion, generally be exempt from disclosure under the FOIA. Reference should also be made to A.C.A. § 9-27-309, set out above, which allows a court to close records pertaining to juveniles.
In sum, the answer to your second question is not determined solely by the nature of the charge or the jurisdictional authority. If the investigative files are closed, i.e., there is no open and ongoing investigation, and no protective order has been entered, the file is generally subject to disclosure under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
[1] See Op. Att'y Gen. 91-356 with regard to the issue of the release of fingerprint and criminal history records of juveniles; Ops. Att'y Gen. 90-173 and 89-141 regarding the confidentiality of records of juveniles which have been expunged; A.C.A. §§ 12-12-506 (Adv. Code Serv. 1992) regarding the confidentiality of reports made pursuant to an investigation of child maltreatment; and Troutt Brothers, Inc. v. Emison, Ark. S.Ct. No. 92-522 (Nov. 9, 1992), regarding the release of juvenile detention facility logs and booking sheets.
[2] A closed investigation would presumably remove the file from the FOIA exemption for records of "undisclosed investigations by law enforcement agencies of suspected criminal activity." A.C.A. § 25-19-105(b)(6). The Arkansas Supreme Court has stated that an investigation that remains open and ongoing is one intended to be protected as "undisclosed" under the FOIA.See Martin v. Musteen, 303 Ark. 656, 799 S.W.2d 540 (1990). Whether an investigation is open and ongoing presents a question of fact in each case. See Op. Att'y Gen. 90-305. You have indicated that in some instances, the Department completes its part of an investigation, e.g., takes witness statements, and forwards the records to another law enforcement agency that is assisting in the investigation, maintaining a copy for Department records. I believe the records in the hands of the Department would, in that instance, in all likelihood continue to fall within the so-called "law enforcement investigation" exemption, as long as they are in fact part of the continuing investigation. This office has stated that the location of documents is not necessarily a determinative factor under the FOIA. See Ops. Att'y Gen. 91-100 and 91-323. As noted, however, a fact question may arise in this regard.
[3] Section 9-27-348 (Repl. 1991) prevents, however, publication of the name or identity of a juvenile who is the subject of proceedings under the Juvenile Code, in the absence of a written order of the juvenile court. See generally TrouttBrothers, Inc. v. Emison, supra at n. 1.